# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

EDDIE JONES,  PLAINTIFF
REG. #18664-026

2:19cv00010-DPM-JTK

DEWAYNE HENDRIX, et al.  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    Introduction

Plaintiff is a federal inmate who filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), while incarcerated at the Federal Correctional Institution (FCI), Forrest City, Arkansas.[1]  He alleged deliberate indifference to his serious medical needs by Defendants in violation of his Eighth Amendment rights, and asked for monetary and injunctive relief.  Defendants Hendrix, Hoy, Federal Bureau of Prisons, Methodist University Hospital, Forrest City Medical Center, and Does were dismissed on March 26, 2019 (Doc. No. 15). Defendant Lamarre was dismissed on July 1, 2019 (Doc. No. 27).

This matter is before the Court on the Motion for Summary Judgment, Brief in Support, and Statement of Facts filed by remaining Defendant Dr. Obi-Okoye (Doc. Nos. 29-31). Plaintiff filed a Response, Brief, and Statement of Facts opposing the Motion (Doc. Nos. 35-37).

---

[1] Plaintiff is now incarcerated at the Texarkana FCI, Texarkana, Texas.

## II. Complaint

Plaintiff alleged in his Complaint that Defendant Obi-Okoye failed to protect him and violated his Eighth Amendment rights during her diagnosis and treatment of Plaintiff for urinary tract infections and testicular pain. (Doc. No. 1, pp.5-6) Plaintiff claimed that Defendant refused to touch him or review his testicles to examine the pain levels and thereby allowed Plaintiff to suffer in pain. He later was diagnosed for torsion of testis and an unknown doctor cut off one of his testicles. (Id., p. 5) Plaintiff claimed Defendant prescribed an incorrect medication which caused him side effects and could have saved Plaintiff's testicle if she was competent. (Id., p. 6) Defendant caused Plaintiff pain suffering, physical injury and emotional distress. (Id., p. 10)

## III. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be

a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

  **A.**  **Defendant's Motion**

Defendant asks the Court to dismiss Plaintiff's Complaint against her due to his failure to offer any proof that she acted with deliberate indifference to a serious medical need. In support, she provides copies of Plaintiff's medical records from February 3, 2017 to September 19, 2018. (Doc. 31) According to those records, Plaintiff had a history of bladder cancer and urinary tract infections, and during the above time period was treated by numerous medical officials at the Forrest City FCI, at the Forrest City Medical Center, and at Methodist Central Hospital in Memphis, Tennessee. (Id.) A non-party medical professional treated him with antibiotics at FCI on February 3, 2017 for a urinary tract infection and Defendant reviewed a follow-up test on February 14, 2017 which evidenced improvement. (Doc. No. 31-1, 31-2) Antibiotics again were prescribed on February 17, 2017 and Defendant reviewed a follow-up test on February 27, 2017, prompting her to order a urine culture and sensitivity test. (Doc. Nos. 31-3, 31-4) She reviewed the test on March 2, 2017 and continued his antibiotic treatment. (Doc. No. 31-5)

Plaintiff was treated again at FCI health services on March 10, 2017 for symptoms of a urinary tract infection, and Defendant co-signed on the order of antibiotics. (Doc. No. 31-6) Plaintiff was transferred to Forrest city Medical Center Emergency Department on March 18, 2017 by non-party medical personnel where he was diagnosed with epididymitis and prescribed antibiotics. (Doc. No. 31-7) Defendant reviewed Plaintiff's records regarding this encounter on March 21, 2017, and continued his antibiotic therapy. (Doc. No. 31-8) A non-party medical professional at FCI treated Plaintiff on March 31, 2017 for testicular redness and pain and prescribed antibiotics. (Doc. No. 31-9) On April 4, 2017, Defendant reviewed an ultrasound taken

4

of Plaintiff at the Forrest City Medical Center and ordered that he be provided a consult with an outside urologist. (Doc. No. 31-10) Another non-party physician ordered a second ultrasound on April 28, 2017, but cancelled it when he learned about Plaintiff's prior ultrasound. (Doc. No. 31-11) Plaintiff saw the outside urologist on May 1, 2017, and Defendant reviewed the notes from that visit on May 2, 2017 and ordered antibiotics and a follow-up. (Doc. No. 31-12)

A non-party medical official treated Plaintiff for a complaint of wrist pain on July 18, 2017, and Defendant co-signed on the order for an x-ray, which was negative. (Doc. No. 31-13) Plaintiff saw the urologist on July 31, 2017 and Defendant ordered a change in Plaintiff's medication in accordance with the urologist's prescription. (Doc. No. 31-14) A non-party medical official treated Plaintiff for abdominal and testicular pain on August 22, 2017, and Defendant co-signed on an order for Toradol injections. (Doc. No. 15) Plaintiff again complained of pain on September 7, 2017, and Defendant ordered he be transferred to the hospital after his urine tested positive. (Doc. No. 31-16) Defendant discontinued the Toradol injections and prescribed Tylenol with Codeine and Ibuprofen for pain on September 11, 2017, after Plaintiff complained of increased pain. (Doc. No. 31-17). Another non-party physician saw Plaintiff on September 15, 2017 for increased pain and ordered Percocet and bed rest. (Doc. No. 31-18) Plaintiff was taken to the hospital the next day for unbearable testicular pain and then transferred to Methodist Central Hospital in Memphis, Tennessee. (Doc. No. 31-19) There he was treated with antibiotics and pain medication for Epididymitis, and a follow-up was ordered with a urologist. (Id.)

A non-party physician treated Plaintiff at FCI on September 19, 2017 for testicular pain and prescribed Morphine. (Doc. No. 31-20) Antibiotics were ordered on October 17, 2017, when he presented with complaints of pain and his urine tested positive. (Doc. No. 31-21) The outside

5

urologist treated Plaintiff on October 23, 2017, and after reviewing the notes of the visit and the urologist's recommendations, Defendant requested that Plaintiff be scheduled for a transurethral resection of the prostate. (Doc. No. 31-22) A non-party medical official treated Plaintiff with antibiotics on November 16, 2017, when his urine tested positive, and Defendant co-signed on the order. (Doc. No. 31-23) Plaintiff underwent a transurethral resection of the prostate and a right orchiectomy on December 5, 2017, and Defendant requested a urology consult on December 13, 2017, after Plaintiff complained about urinary incontinence. (Doc. No. 31-25) Defendant also co-signed on an order for antibiotics for Plaintiff on December 19, 2017, after another urine sample tested positive. (Doc. No. 31-26)   Plaintiff was treated with antibiotics at the St. Francis Hospital on January 9, 2018 for a urinary tract infection and received more antibiotics on January 23, 2018 when he presented at FCI health services with red, swollen, and tender testicles. (Doc. Nos. 31-27, 31-28) Defendant saw Plaintiff for a chronic care visit on February 21, 2018, and ordered continuation of treatment and pain medication for complaints of pain and bowel and bladder incontinence. (Doc. No. 31-29) Plaintiff saw the urologist on March 26, 2018, who prescribed a change in his medication. (Doc. No. 31-30) Plaintiff presented to the FCI health services on April 2018, stating that he felt better and experienced no pain, but returned on September 19, 2018 with complaints of pain and urination. (Doc. Nos. 31-31, 31-32) A non-party medical professional prescribed antibiotic for a positive urine test. (Doc. No. 31-32)

### B.     **Plaintiff's Response**

In Response, Plaintiff states Defendant knew of his serious medical needs and acted with deliberate indifference "by applying ineffective and destructive medical procedures." (Doc. No. 35) He also states that Defendant's motion is premature because discovery has not begun, and he

has not had a reasonable opportunity to present all available facts in opposition to the Motion.

**C.    Analysis**

To support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendant acted with deliberate indifference to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

In this case, Plaintiff's medical records clearly show that he received consistent treatment

7

from several doctors and nurses at FCI, the Forrest City Emergency room, St. Francis Hospital, Methodist Hospital, and the outside urologist. Plaintiff is not specific about what actions Defendant took which were "ineffective" and "destructive," and it is clear from the medical records that the surgery Plaintiff underwent was recommended by the outside urologist. Plaintiff does not provide any "verifying medical evidence" to establish the detrimental effect of Defendant's decisions or of any delay he may have experienced. Therefore, Plaintiff's allegations against her are based on his disagreement over the type of medical care he received, and do not support a constitutional claim for relief. See Long, 86 F.3d at 765.

The Court disagrees with Plaintiff's claim that discovery has not yet taken place. On March 26, 2019, this Court issued an Initial Scheduling Order which directed the parties to complete discovery on or before September 26, 2019 (Doc. No. 15). Defendant filed her Summary Judgment Motion on October 25, 2019, and the Court granted Plaintiff's Motion for a forty-five-day extension of time in which to respond, on December 2, 2019 (Doc. Nos. 29, 33, 34). Plaintiff never complained that Defendant failed to provide him with requested discovery materials, or that an attempt to obtain specific information was prevented or thwarted. Therefore, the Court finds that any additional delay in deciding this case is unsupported by any facts or evidence.

Based on the undisputed medical records and the lack of any evidence to the contrary, the Court finds as a matter of law that Defendant did not act with deliberate indifference to Plaintiff's serious medical needs and that her Motion should be granted.

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED, that the Motion for Summary Judgment filed by Defendant Obi-Okoye (Doc. No. 29) be GRANTED, and Plaintiff's claims against her be

DISMISSED with prejudice.

IT IS SO RECOMMENDED this 15th day of January, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE